UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE R. DERDEN and JOSE GUADALUPE GODOY PINEDA,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Case No. 1:20-cv-00368-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Allow Time to take Discovery; or, in the alternative, Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment. Dkt. 17. The Court has reviewed the briefing and will deny Plaintiffs' request for additional time to take discovery. However, the Court will grant Plaintiffs' request for an extension of time to respond to Defendants' Summary Judgment Motion. Plaintiffs will have three weeks to respond.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Following Plaintiff Jose Guadalupe Godoy Pineda's (Godoy) arrest on January 19, 2014, local police alerted U.S. Immigration and Customs Enforcement's (ICE) Enforcement and Removal Operations (ERO) in Twin Falls, Idaho. *Supp. Laird Decl.*, Dkt. 19-1 at 6. The ERO issued a detainer on Godoy and entered the detainer in the Enforcement Integrated Database (EID), referred to as "EAGLE" ("EID Arrest Guide for Law Enforcement"). *Id*. Godoy was released on January 21, 2014 and the detainer was subsequently lifted. *Id*; *Godoy Decl.*, Dkt. 17-2 at 2.

On May 12, 2020, ICE receive a Freedom of Information Act (FOIA) request from Plaintiff Nicole R. Derden (Derden) seeking "any documents related to internal immigration enforcement." Dkt. 15-8 at 3. In response to this request, ICE ran a search in ERO in locations likely to contain responsive records. A program analyst from ERO's Information Disclosure Unit (IDU) conducted a search of Godoy's last name, first name, fingerprint identification number (FIN), date of birth, and country of birth. The analysists searched EAGLE, the Central Index System (CIS), and the Immigration and Enforcement Operational Records System (ENFORCE) Alien Removal Module (EARM), using those search queries. No records were located. *Supp. Laird Decl.*, Dkt. 19-1 at 4-5.

**MEMORANDUM DECISION AND ORDER - 2**

Plaintiffs appealed the adequacy of the search. In January 2021, Plaintiff sent ICE an email containing additional information about Plaintiff's arrest in January 2014. This time, the ERO IDU conducted a slightly different search from the original search queries and found a detainer entry in EAGLE. *Id*. at 5. The ERO office never linked the detainer to FIN when it entered Godoy's detainer in EAGLE. Thus, when the analyst searched in January 2021, she did not include the FIN as a mandatory search term, and the detainer was found. *Id* at 5-6.

## STANDARD OF LAW

### A. Federal Rule Civil Procedure 56(d)(2)

Under Federal Rule of Civil Procedure 56(d)(2), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may…allow time to obtain affidavits or declarations or to take discovery." The party seeking additional discovery must proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).

### B. FOIA

Discovery in FOIA is rare and typically not permitted when the agency's declarations are reasonably detailed and submitted in good faith. *See Schrecker v.*

*U.S. Dep't of Justice*, 217 F.Supp.2d 29, 35 (D.C. Cir. 2002). Discovery "is only appropriate when an agency has not taken adequate steps to uncover responsive documents." *Id*. Further discover is not warranted if it only affords the plaintiff an opportunity to "pursue a 'bare hope of falling upon something that might impugn the affidavits.'" *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981).

While an agency is not required to search every record system, or that the search be perfect, the search "must be conducted in good faith using methods that are likely to produce the information requested if it exists." *Lawyers' Comm. for Civ. Rights of San Francisco Bay Area v. U. S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008). FOIA does not pertain to the production of missing records; to the contrary, the Act compels disclosure of existing records. Therefore, the standard is not whether there might exist any responsive documents to a request, but whether the search for those documents was adequate. *Id*. "The agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records." *Id*.

In order to justify discovery once the agency has satisfied its burden, the plaintiff "must make a showing of bad faith on the part of the agency sufficient to

MEMORANDUM DECISION AND ORDER - 4

impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id*. at 1132.

## ANALYSIS

As to Plaintiffs' request for further discovery, Plaintiffs have not proffered what they would expect to find. Plaintiffs claim that gaps exist in the analyst's declarations, but Plaintiffs do not challenge the facts as presented in the declarations or proffer what they would specifically find to close the gaps if additional discovery is permitted. The conclusory statement that additional interrogatories or discovery will close the gaps is simply not enough to justify further discovery. *See Nidds*, 113 F.3d at 921.

Plaintiffs also have not overcome the presumption of good faith. The ERO analyst appropriately submitted a supplemental declaration providing further details into the searches conducted and the reason a discrepancy in the results occurred. *See Nation Magazine v. U. S. Customs Service*, 71 F.3d 885, 892 (D.C. Cir. 1995) (directing district court to order further affidavits to review the adequacy of the search), *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (same). While Plaintiffs claim that the analyst improperly limited the search by using the conjunctive "and," the Court finds that the issue was

**MEMORANDUM DECISION AND ORDER - 5**

adequately explained. *See* Dkt. 20 at 5-7. In other words, the analyst's supplemental declaration clarifies, rather than conflicts with, the previous declaration. *See Supp. Laird Decl.*, Dkt. 19-1 at 5-6. Moreover, Plaintiffs' assertion that further discovery would preclude summary judgment because it would reveal evidence that goes to the reasonableness of the search is speculative. Therefore, the Court does not find additional discovery necessary.

Plaintiffs' unopposed request for a three-week extension of time to file their response to Defendants' Motion for Summary Judgment will be granted.

## ORDER

**IT IS ORDERED** that Plaintiffs' Motion for Extension of Time to File a Response/Reply is **GRANTED** in part and **DENIED** in part. Plaintiffs shall have three weeks from the entry of this order to file their response. Plaintiffs will not be permitted more time to conduct discovery.

DATED: April 23, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6